IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRUCE M. CLARK and
LYNN A. CLARK,

Plaintiffs,

v.

AMIR FAKIC, CSX INTERMODAL
TERMINALS, INC. f/k/a
CSX INTERMODAL, INC. and
CSX INTERMODAL, INC.,

Defendants.                                      Case No. 13-cv-1033-DRH-PMF

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I.   INTRODUCTION

Plaintiffs Bruce M. Clark and Lynn A. Clarks' (Collectively, the Clarks) pending motion to remand (Doc. 14) requires this Court to determine whether defendant CSX Intermodal Terminals, Inc. (CSXIT), formerly CSX Intermodal, Inc. (CSXI), timely removed this action to this Court from Richland County, Illinois. For the following reasons, the Court finds CSXIT timely removed this action and **DENIES** the Clarks' motion to remand.

The Clarks originally filed an action arising from the same operative facts as the instant case on October 29, 2010, in the Circuit Court of Richland County,

Illinois. The Clarks' initial complaint solely named CSXI and Amir Fakic as defendants. CSXIT claims CSXI was its proper entity name at the time of the Clarks' initial filing. CSXIT states CSXI no longer exists and that the proper entity is now CSXIT (Doc. 20-1). On June 4, 2012, the Clarks voluntarily dismissed the initial state court action (Doc. 14-1). CSXI, the named defendant on the 2012 dismissal order, represented by the same counsel that instantly represents CSXIT, agreed to the Clarks' voluntary dismissal (*Id.*).

On May 31, 2013, the Clarks re-filed the initial state court action against the same defendants pursuant to 735 ILCS 5/2-1009 (Doc. 14-2). On June 3, 2013, counsel for CSXI/CSXIT asked the Clarks' counsel, through email, for a copy of the refiled complaint along with discovery (Doc. 14-3). The Clarks' counsel seemingly complied with the request that same day (Doc. 14-4). On June 17, 2013, and June 24, 2013, respectively, the Clarks served defendants Amir Fakic and CSXI with a summons and copy of the refiled complaint (Doc. 14-5). On July 22, 2013, counsel for CSXI/CSXIT informed the Clarks' counsel that CSXI was no longer in existence and thereafter provided the address of CSXIT's agent for service of process (Docs. 14-6 and 20-1). The Clarks then filed an amended complaint, additionally naming CSXIT (Doc. 9-2). On September 11, 2013, the Clarks served CSXIT with a summons and a copy of the amended complaint (Doc. 14-8). On October 4, 2013, CSXIT removed the amended complaint to this Court on the basis of diversity, 28 U.S. § 1332 (Doc. 2, stricken

by the Clerk's office and re-filed at Doc. 7, amended as ordered by Court at Doc. 9).

The parties do not dispute that the requirements of the diversity statute, 28 U.S.C. § 1332, are met. This dispute centers on the procedural requirements for removal under 28 U.S.C. § 1446. The Clarks argue that CSXIT's removal was untimely. CSXIT argues that because CSXIT was not named in this action until the Clarks amended their re-filed state action and formally served CSXIT with a summons and copy of the amended complaint on September 11, 2013, its removal was timely.

## II. LAW AND APPLICATION

The Clarks move to remand this action, arguing CSXIT failed to follow the procedural requirements for removal. *See* 28 U.S.C. § 1446. The Clarks specifically rely upon Section 1446(b)(1) which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The Clarks argue that the filing of the amended complaint, which added CSXIT as a defendant and was formally served on CSXIT on September 11, 2013, did not "start a new window for removal."

Prior to 2011, Section 1446 did not address whether a "later-served" defendant could obtain consent for removal from a defendant who was earlier served and whose time to remove had ended. Thus, when this would arise, courts would apply either a "first-served" or "later-served" defendant rule. Under the "first-served" defendant rule, an action was only deemed removable within 30 days of the first-served defendant's service. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986). In this case, the "first-served" defendant is Amir Fakic who was served with a summons and copy of the refiled action on June 17, 2013. Thus, under the "first-served" defendant rule, CSXIT's removal on October 3, 2013, would be untimely.

By contrast, the "later-served defendant" rule, advocated by CSXI/CSXIT, allows each served defendant the opportunity to remove an action, regardless of when other defendants were served.

The Clarks rely on a non-binding 1992 case from the Southern District of Florida which seemingly endorses the "first-served" defendant rule. *See Noble v. Bradford Marine, Inc.,* 789 F. Supp. 395 (S.D. Fla. April 17, 1992) (Paine, J.). CSXIT also relies on a non-binding district court decision which contrastingly endorses the "later-served" defendant rule. *See Save-A-Life Found., Inc. v. Heimlich,* 601 F. Supp. 2d 1005, 1007-08 (N.D. Ill. Feb. 9, 2009) (Kennelly, J.).

What both sides neglect to note is that the current version of Section 1446 addresses whether a later-served defendant can obtain consent to removal from

an earlier served defendant whose time to remove has ended. Section 1446(b) provides:

> **(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> **(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> **(C)** If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2)(A)-(C).

In this instance, it is clear that CSXIT had notice of this action prior to its receipt of formal service of process of the amended re-filed state action naming CSXIT as a defendant. The Clarks seem to rely on CSXIT's notice as a basis for finding its removal untimely. However, in light of *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."), it appears that CSXIT's time for removal began when the Clarks formally served CSXIT with a summons and copy of the re-filed amended complaint which added CSXIT as a defendant. In reliance on *Murphy Brothers* and in recognition of the codification of the "later-served" defendant rule, it does not seem that this Court has the discretion to grant the Clarks' motion. The Clarks allude to an argument that

CSXI and CSXIT are in fact the same defendant. Thus, CSXIT's time for removal is based upon CSXI's formal service of the initial re-filed state court complaint. This undeveloped argument does not convince the Court that the entities are the same. Notably, the Clarks name both entities separately in their amended complaint. Accordingly, the Clarks' motion to remand is **DENIED** (Doc. 14).

### III. CONCLUSION

For the reasons stated above, the Clarks' motion to remand is **DENIED** (Doc. 14). CSXIT states CSXI is not a proper party to this action. The Clarks are **DIRECTED** to file an amended complaint which does not separately bring suit against CSXI on or before **January 21, 2014**, or explain to the Court why such amendment is not necessary.

**IT IS SO ORDERED.**

Signed this 7th day of January, 2014.

David R. Herndon
2014.01.07
05:05:34 -06'00'

**Chief Judge**
**United States District Court**